**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| JACK BEADNELL, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:15-cv-50177 |
| CREDIT PROTECTION ASSOCIATION, LP, | |
| Defendant. | DEMAND FOR JURY TRIAL |

**COMPLAINT FOR RELIEF PURSUANT**
**TO THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW COMES the Plaintiff, JACK BEADNELL ("Plaintiff"), by and through his attorneys, CONSUMER LAW PARTNERS, LLC complaining of CREDIT PROTECTION ASSOCIATION, LP ("Defendant"), as follows:

**NATURE OF THE ACTION**

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA") for Defendant's unlawful collection practices.

**JURISDICTION AND VENUE**

2.  This action arises under and is brought pursuant to the FDCPA, TCPA and ICFA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C. §227, 28 U.S.C. §§1331, 1337, as the action arises under the laws of the United States, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391, as Defendant conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

<strong>PARTIES</strong>

4.  Plaintiff is a natural person residing at 1530 12th Street, Rockford, Illinois which lies in the Northern District of Illinois and is a "consumer" as defined by §1692a(3).

5.  Defendant "has been a major force in the collections industry since 1977"[1] with its headquarters located at 13355 Noel Road, 21st Floor, Dallas, Texas. Defendant is a third-party debt collector that is in the business of collecting debts for others in the state of Illinois, including a debt allegedly owed by Plaintiff.

6.  Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

7.  On its website and correspondences, Defendant identifies itself as a debt collector and has been a member of The Association of Credit and Collection Professionals since 1986.[2]

<strong>FACTS SUPPORTING CAUSES OF ACTION</strong>

8.  Since 2009, Plaintiff has been unable to maintain more than menial, part-time employment due to a slew of physical ailments.

9.  Currently, Plaintiff is working as a bar tender one or two days a week in order to generate any income possible to survive.

10.  In 2014, Plaintiff was living in an apartment which was furnished with utility services by Commonwealth Edison ("ComEd").

---

[1] http://www.creditprotect.com/about/.
[2] http://www.acainternational.org/memberdirectory.aspx

11. When he moved out of the apartment, Plaintiff had an outstanding ComEd utility bill of $130.00 ("subject consumer debt") that he was unable to pay. *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

12. Upon information and belief, ComEd turned over collection of the subject consumer debt to Defendant sometime in 2015.

13. Over the past several months, Plaintiff has received, and continues to receive, a litany of calls from Defendant attempting to collect on the subject consumer debt. *See* Exhibit A.

14. All of the collection calls have been placed by Defendant and directed to Plaintiff's cell phone. *Id.*

15. During the collection calls, Plaintiff experiences a brief pause after answering the phone before he is connected with a live person. *Id.*

16. On more than one occasion, Plaintiff has repeatedly had to say "hello" in order for a live person to get on the phone.

17. Plaintiff has never given Defendant consent to automatically dial his cell phone.

18. On more than one occasion, Plaintiff has told Defendant that he is not able to pay the subject consumer debt due to his health conditions.[3] *Id.*

19. Frustrated by the growing number of calls, Plaintiff contacted the undersigned about having Defendant's collection activity cease.

20. Plaintiff was instructed to inform Defendant that he was represented by counsel regarding the subject consumer debt and to start keeping a log of the collection calls he received.

21. On July 17, 2015, Defendant placed a collection call to Plaintiff attempting to collect on the subject consumer debt. *See* attached Exhibit B is a true and correct copy of the call log kept by Plaintiff.

---

[3] Plaintiff is currently in the process of applying for disability through the Social Security Administration.

3

22. During this call, Plaintiff informed Defendant that he was represented by counsel regarding the subject consumer debt. *See* Exhibit A.

23. Following the July 17, 2015 collection call, Defendant has placed at least six additional collection calls to Plaintiff attempting to collect on the subject consumer debt. *See* Exhibit B.

24. On several of these phone calls, Plaintiff re-iterated to Defendant that he was represented by counsel regarding the subject consumer debt and to stop contacting him. Plaintiff was told by Defendant that it had no record of him stating he was represented by counsel. See Exhibit A.

25. Defendant never asked Plaintiff the name or contact information of his attorney.

26. On July 28, 2015, at approximately 1:30 pm CST, Plaintiff received a collection call from Defendant asking him to make payment on the subject consumer debt.

27. During this collection call, Plaintiff again asked Defendant to stop contacting him and for the name of the representative he was speaking with. Upon Plaintiff requesting the name of the representative he was speaking with, Defendant immediately disconnected the collection call.

28. Frustrated over the continued collection actions notwithstanding being represented by counsel, Plaintiff instructed the undersigned to file the instant action.

29. Defendant's collection conduct has caused Plaintiff to grow increasingly anxious over his financial situation.

30. Plaintiff has incurred costs and expenses consulting with his attorneys as a direct result of Defendant's collection actions.

31. Plaintiff has been unduly inconvenienced and harassed by Defendant's collection actions.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff repeats and realleges paragraphs 1 through 31 as though fully set forth herein.

4

33. Generally, the FDCPA prohibits the use of, "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

34. Specifically, Defendant violated 15 U.S.C. §§1692c(a)(2), d(6), e, and f through its debt collection actions.

35. Defendant violated 15 U.S.C. §§1692c(a)(2), e, and f when it continued to place collection calls to Plaintiff despite knowing that he was represented by counsel regarding the subject consumer debt. On or around July 17, 2015, Plaintiff told Defendant that he had an attorney with respect to the subject consumer debt. This is evidenced not only by Plaintiff's sworn affidavit but also his conduct of keeping a log of all phone calls from Defendant.

36. Despite being told repeatedly that Plaintiff was represented by counsel and could not pay the subject consumer debt, Defendant continued to place collection calls to him. As a sophisticated and experienced debt collector, Defendant knew that it had to cease direct contact with Plaintiff once it was aware that he had an attorney. However, Defendant did not cease its collection actions, knowing the likelihood of getting paid would be dramatically reduced. Instead, Defendant unfairly mislead Plaintiff by stating it had no record of him advising that he had an attorney.

37. Defendant violated 15 U.S.C. §§1692d(6) and f when it purposely disconnected the July 28, 2015 collection call. The FDCPA imposes a duty on Defendant to disclose its identity when making collection calls. Plaintiff asked Defendant the name of the representative he was speaking with for the purpose of gathering important information to document the call. Perhaps knowing this or realizing that it was in violation of the FDCPA, Defendant purposely and unfairly disconnected the collection call. As a result, Plaintiff was unable to fully document the collection call and gather the requested information.

5

38. As plead in paragraphs 29 to 31, Plaintiff was harmed by Defendant's illegal collection actions.

WHEREFORE, Plaintiff, JACK BEADNELL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II --VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

39. Plaintiff restates and realleges paragraphs 1 through 38 as though fully set forth herein.

40. The Telephone Consumer Protection Act ("TCPA") prohibits calling persons on their phone using an automatic telephone dialing system ("ATDS"), 47 U.S.C. § 227(b)(1)(iii). The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. § 227(a)(1).

41. Defendant violated the TCPA by placing phone calls to Plaintiff's phone using an ATDS without his consent. Plaintiff had no contractual relationship with Defendant, therefore he could not have given consent to auto dial his phone.

42. Pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violation of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, JACK BEADNELL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Award Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III --VIOLATIONS OF THE ILLINOIS
## CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

43. Plaintiff restates and realleges paragraphs 1 through 42 as though fully set forth herein.

44. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempts to collect on the subject consumer debt.

45. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

46. Plaintiff is a consumer as defined by ICFA, 815 ILCS 505/1(e).

47. Defendant's attempts to collect on the subject consumer debt are part of the conduct of any trade or commerce as defined by ICFA, 815 ILCS 505/1(f).

48. Defendant's repeated collection calls to Plaintiff, despite knowing that he was represented by counsel, represents the use of deception, fraud and false pretense in an attempt to collect a debt.

49. Defendant had actual knowledge that Plaintiff was represented by an attorney in connection to the subject consumer debt. Despite this understanding, Defendant deceptively stated that it had no knowledge of this representation.

50. Defendant intended that Plaintiff rely on its misrepresentations in order to procure payment of the subject consumer debt without interference from the undersigned.

51. ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

52. ICFA further states:

> Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper. 815 ILCS 505/10a.

53. As pled in paragraphs 29 to 31, Plaintiff has suffered damages as a result of Defendant's unlawful collection practices.

54. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a

WHEREFORE, Plaintiff, JACK BEADNELL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c.  Awarding Plaintiff costs and reasonable attorney fees;

d.  Awarding any other relief as this Honorable Court deems just and appropriate.


Dated: July 31, 2015                         Respectfully Submitted,

                                             s/ Nathan C. Volheim
                                             David S. Klain, Esq., #66305
                                             Nathan C. Volheim, Esq., #630210
                                             Counsel for Plaintiff
                                             Consumer Law Partners, LLC
                                             435 N. Michigan Ave., Suite 1609
                                             Chicago, Illinois 60611
                                             (267) 422-1000 (phone)
                                             (267) 422-2000 (fax)